### 16512.  PHELPS *v.* GIBBS.

JENKINS, P. J. 1. Where the only item of an account sued upon was, "Balance due on purchase of farm near Sparks, Georgia, $120.00," an amendment to the petition, to the effect that in the same transaction the defendant bought from the plaintiff the said farm, together with certain hay, tools, machinery, etc., on the farm, for the total price of $4,120, of which $2,000 was paid in cash, and assumed a loan of $2,000, leaving due a balance of $120, the amount sued for, was not demurrable as setting up a new and distinct cause of action; it appearing that the contract which was laid as the basis of the action in assumpsit was entire, and that there was nowhere any departure from the alleged contract. Consequently, there was no error in overruling the demurrer to the petition as amended.

3. There was no error in overruling the motion for a nonsuit.

4. The evidence supported the verdict, and the charge of the court, in setting forth the contentions of the plaintiff, did not invade the province of the jury, and was in conformity with the foregoing principles of law.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 22, 1925.

Complaint; from Cook superior court—Judge Knight.  April 13, 1925.

#### STATEMENT OF FACTS BY JENKINS, P. J.

Mrs. Eliza Gibbs sued J. A. Phelps on an account, the only item of which was "Balance due on purchase of farm near Sparks, Georgia, $120.00." The defendant filed an answer, in which the allegation of indebtedness was denied, except as hereinafter explained. The explanation was about as follows: that the plaintiff approached the defendant with reference to a sale to him of the

plaintiff's farm; that the plaintiff agreed "to put in as a part of the consideration personal property which he claimed to be upon the farm and which he would leave on the farm and deliver to this defendant, which said personal property amounted, as claimed by said Gibbs, to $127, but when the trade was finally closed this defendant obligated to pay to the plaintiff or her agent the sum of $120 for the real estate and personal property; that certain items of the personal property were not delivered to him, and that he was damaged to that extent; and he prayed for recoupment. He admitted that he was indebted to the plaintiff in the sum of $26.75, which he offered to pay into court, as a continuing tender, praying to be relieved of interest and cost. The case proceeded to trial before a jury. The defendant moved for a nonsuit, and, the judge having intimated that the motion might be sustained, the plaintiff filed an amendment, in which she set up practically the facts alleged in the defendant's answer; that is to say, that the plaintiff sold to the defendant a certain farm for the price of $4,000; and in the same trade and as a part thereof sold to the defendant certain personal property for $120, making the total price $4,120; that the defendant paid $2,000 cash, assumed a loan of $2,000, "and left a balance due on the total transaction of $120, which he now owes, which is now sued as a balance due on the whole." On the filing of this amendment the defendant demurred on the grounds that the amendment undertook to set up a new and distinct cause of action; that the land was not described by metes and bounds, that the purchase price of the land was not set out, that the personal property was not described, that the amount to be paid therefor was not set forth, and that it was not shown how much was unpaid on the land and how much on the personal property. The demurrer was overruled, and the defendant excepted pendente lite. The motion for nonsuit and the motion to direct a verdict were overruled. The trial resulted in a verdict against the defendant for $110. The defendant's motion for new trial was overruled, and he excepted, assigning error on the rulings stated.

R. A. Hendricks, Hendricks & Hendricks, for plaintiff in error.
W. D. Buie, contra.